Mr. Justice WAYNE
 

 delivered the opinion of the court.
 

 This bill was filed by thq appellants in the Circuit Court of the United States for the southern district of New York, as judgment creditors of the respondents, Waterman & Samuel Harris, to avoid an assignment made by Waterman to the respondents, Jenckes & Earnum, in trust for the payment of the creditors of Harris & Waterman, and of Waterman individually.
 

 The appellants seek to avoid the assignment, on the ground that it was voidable, from its tending to hinder, delay, and defraud creditors; because there is a reservation in it to the assignee of the 'dividends of such creditors as should refuse to become parties to it, and to release their demands in consideration of the dividends they might receive. It appears that a large amount of the property conveyed was in the State of. New York; that the appellants resided there, and that they were then creditors of Harris & Waterman. The trusts in the deed were, first, to pay the expenses of the assignment
 
 f
 
 secondly, to pay the debts of several preferred creditors of Harris & Waterman, and of Waterman individually; and, thirdly, to pay 'all the residue of the debts of Waterman individually, and .as,a member of the firpf of Harris & Waterman. The assignment contained the following proviso: “ Provided, That n.me of- my said creditors-named- in the third class of this assignment shall be entitled to receive .any dividend or benefit under. ' the-deed of assignment, unless 'they shall execute and deliver to my said.assignee, -within six-months from the.date hereof, a'full release and discharge,"'under seal, of all their claims and demands against me, the assignor; but the dividends on the claims and demands' óf- the creditors who-' shall not execute
 
 *145
 
 such release shall he paid over to me, the said assignor, or to such person as I shall appoint;-”
 

 It appears that Harris, the copartner of Waterman, had given to the latter a bill of sale of all their partnership property; that the firm was then dissolved'; that Waterman had the possession of it, and that he afterwards made the deed of assignment to Jenckes"- & Earnum. Now, Jenckes & Earnum received and held the property under the assignment, as well ■ that which was in New York as all that was elsewhere.
 
 A.
 
 part of the copartnership property was the Owasea Lake mill, situated at Auburn, Cayuga county, State of New York, and it is admitted that it exceeded in value the debt due by Harris & Waterman to the complainants. As to that property, James Eitton was a copartner; but it appears that he joined with Harris & Waterman in dissolving the copartnership, and in. authorizing Waterman to “settle up” its business, having on the same day agreed that Harris should convey to Waterman the bond and mortgage which he had given to Harris & Waterman for the purchase-money due by him for an undivided fourth part of the Owasea Lake mill-. Thus Waterman was made the sole owner of it. He supposed himself at that time to bo solvent, and that he could carry on the business of the mill, and worked it for some time; but finding himself unable to' do so, he conveyed it to Jenckes & Earnum, with all the other property of the late concern which had become his, with the intention that they should, as his assignees, make an equitable distribution of it among his creditors; and, in his answer to the bill of the complainants, he declares he did so without any fraudulent intent to hinder, delay, or defraud creditors. Waterman had been, was then, and was when he made the assignment, a citizen of the State of Rhode Island. The property assigned was in different States. Jenckes & Earnum accepted the trusts of the assignment. Waterman ceased to have any control over it, and, for aught that appears, the assignees have executed their trust unimpeachably. After the assignment was made, the complainants obtained, in the Supreme Court of New York, a judgment upon their demand against Harris & Waterman.
 

 They have now brought their' bill as judgment creditors
 
 *146
 
 against Waterman and Jenckes & Earnum, the assignees, to avoid the assignment; alleging that they have a lien upon the property in New York,-or its proceeds, as creditors of Harris & Waterman, because Waterman’s'assignment to Jenckes & Earnum contained a reservation to the assignor, which, by the laws of New York, was fraudulent. 'And so it would have been, had the assignment been made in £hat State, by persons residing there. But the assignment was made in the State of Rhode Island, by a person and to persons residing there, and is in every particular just such a one as, by the laws of that State, merchants and others in failing circumstances, residing there, are allowed to make in favor of creditors within that State and those residing elsewhere, wherever the property of the assignor may be. We see no cause for thinking it was fraudulently made. The respondents deny it upon their oaths, as responsively to the charge made by the complainants as that can be done. The latter have not sustained their charge by any proof whatever. Eor that cause alone, if there was no other, we should concur with the circuit judge in the decree given by .him in this case. And we also concur with him, that the. complainants never acquired nor ever had any lien upon the property in New York, so as to subject it legally or equitably to their demand against Harris & Waterman, either before or after it was carried into judgment in the Supreme Court of New Yoi’k. -Deeming the grounds stated decisive of this controversy, we abstain from a discussion of other points learnedly and ably argued by the counsel in the cause in their respective printed briefs. They were appropriate to the cause, but we do not deem them necessary for the decision of it.
 

 We directthe affirmance of the decree given in the court below.